## HOWELL's EXR. *v.* SMITH.

[Abstract Kentucky Law Reporter, Vol. 7—306.]

**Confirmation of Sale of Real Estate.**

Where a suit is pending on appeal to the Court of Appeals, and one of the parties dies, the action may be revived against his heirs and then decided; and in such a case no revivor is necessary by the lower court; but after decision reversing the cause where one of the heirs has died the action may properly be revived below as to the heirs of such heir, and after such revivors the sale of real estate made thereunder should be confirmed.

APPEAL FROM LARUE CIRCUIT COURT.

October 22, 1885.

OPINION BY JUDGE PRYOR:

We find nothing in the record before us authorizing the sale to be set aside by the chancellor, and the purchaser should have been required to accept the title.

The owner of the land sought to be sold, Warden Smith, died while the suit was pending in this court on a former appeal. The action was revived against his heirs at law and the case submitted for final judgment, and an opinion delivered reversing the judgment below directing the land in controversy to be sold. It was sold and Howell became the purchaser. After the decision by this court one of the heirs at law died and her only child, Nancy Skaggs, was brought before the court by an order of revivor that was properly served. The revivor as to the child of Mrs. Skaggs, and the revivor in this court before the opinion was delivered and the cause submitted, brought all the parties into the case having any interest in the controversy. Having been revived here it was not necessary to make any other revivor, except as to those who died after the decision by this court. So the attempt to revive in the court below, except as to the infant child of Mrs. Skaggs, was useless and has created all the confusion in this case. The judgment is reversed and cause remanded with directions to confirm the sale, and as the appellant is to some extent responsible for this appeal, each party will pay his own costs.

Judgment *reversed.*

*Wm. Lindsay, J. C. Wickliffe, J. R. Robinson, for appellant.*
*J. W. Twyman, J. E. Wright, for appellee.*